KENJI M. PRICE  #10523
United States Attorney
District of Hawaii

MICHAEL NAMMAR
MICAH SMITH
MARK A. INCIONG
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Michael.Nammar@usdoj.gov
        Micah.Smith@usdoj.gov
        Mark.Inciong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Oct 1, 2020, 2:38pm
Michelle Rynne, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, <br><br>          Objector, <br><br> vs. <br><br> HAWAII PARTNERS, LLC, <br><br>          Interested Party, <br><br> UNITED STATES OF AMERICA, <br><br>          Interested Party. | MISC. NO. 20-00343 LEK-WRP <br><br> UNITED STATES' RESPONSE TO MOTION TO UNSEAL COURT RECORDS; CERTIFICATE OF SERVICE |

UNITED STATES' RESPONSE
TO MOTION TO UNSEAL COURT RECORDS

The United States of America respectfully submits this response to the pending motion of Civil Beat Law Center for the Public Interest (hereinafter "Civil Beat").

1. Although styled as a "motion to unseal court records," Civil Beat's motion makes a more measured request. It begins by noting that "the record does not reflect that the sealing in these cases would comply with the standards for sealing court records" and that "[i]f there is a compelling reason for sealing these records in their entirety, it must be stated in findings on the record." Mot. at pp. 1-2. The motion then requests that the Court "(1) evaluate the continuing need to conceal these records in light of the relevant standards for access; and (2) unseal the files or provide an appropriate explanation for continued sealing." *Id.* at 2.

In light of the Superseding Indictment that was recently unsealed in Cr. No. 19-00099-DKW, the United States agrees that it is appropriate for the Court to evaluate the continuing need for sealing. Moreover, the United States generally does not oppose the unsealing of filings made as part of the Rule 41 proceeding at issue. Nonetheless, given the nature of this case—involving substantial amounts of grand jury material, sensitive witness information, and, as described below, an ongoing criminal investigation—the United States requests a period of time to review each of the filed documents and attachments in this case, and to propose

2

redactions to those documents, before any documents are publicly docketed. Given the COVID-19 pandemic and efforts that the U.S. Attorney's Office has undertaken to limit the number of staff who are required to be physically present in the office at any time, the United States requests that it be given a period of four months—through a date in February 2021—to complete its review of the Court records and to propose redactions. A period of four months to review the Court's file will ensure that the United States is able to carefully and safely review the files before they are docketed publicly.[1]

    2. Although the United States does not generally oppose the unsealing of filings in the Rule 41 proceeding, it would oppose the unsealing of one such document. During the course of the Rule 41 proceeding, the United States requested permission to make—and did make—an *ex parte* submission that was not provided to Hawaii Partners, LLP. That document was filed under seal on February 8, 2019. It should remain under seal for three reasons.

---

[1] In light of the United States' agreement that the materials in the Rule 41 proceeding generally can be unsealed at this time, there is no need to resolve whether it is necessary to provide a reason for continued sealing. The United States notes, however, that the *only* case Civil Beat cites in support of its argument that "the constitutional [First Amendment] right attaches specifically to proceedings concerning motions to return property seized through warrants," Mot. at p. 6, is a Ninth Circuit panel opinion that was vacated and that the Ninth Circuit ordered should not be cited as authority. *See United States v. Comprehensive Drug Testing, Inc.*, 545 F.3d 1106 (Sept. 30, 2008) (order) ("The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.").

First, the United States here represents that the criminal investigation into the murder of Johnathan Fraser is active and ongoing. While it is true that Defendant Michael J. Miske, Jr., already has been indicted, Miske was not the only person involved in the commission of those crimes. Indeed, the Superseding Indictment itself makes this clear: it charges Miske with, among other things, conspiring with others to commit the kidnapping and murder of Fraser. As suggested by the Superseding Indictment itself, the United States represents that the investigation of Miske's co-conspirators in planning and carrying out the kidnapping and murder of Fraser remains ongoing and is not complete.

Second, the February 8, 2019 *ex parte* submission describes information protected by Rule 6(e) of the Federal Rules of Criminal Procedure and sensitive witness and informant information. These are the same reasons that weighed in favor of not providing the *ex parte* submission even to Hawaii Partners, LLC, during the Rule 41 proceeding. The reasons remain compelling. Indeed, given that the *ex parte* submission relates to a still-ongoing criminal investigation, it would be especially improper to make the submission public.

Third, the unsealing of the remainder of the materials in the Rule 41 proceeding will ensure that the public receives sufficient information about the

//

//

proceeding. There is no need to imperil grand jury secrecy or place witnesses or an ongoing investigation at risk to accomplish that objective.

DATED: October 1, 2020, at Honolulu, Hawaii.

Respectfully Submitted,

KENJI M. PRICE
United States Attorney
District of Hawaii

By    */s/ Micah Smith*
    _____
    MICHAEL NAMMAR
    MICAH SMITH
    MARK A. INCIONG
    Assistant U.S. Attorneys

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Robert Black, Esq.
    Attorney for Objector
    CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST

    Randall Hironaka, Esq.
    Attorney for Interested Party
    HAWAII PARTNERS, LLC

    DATED:  October 1, 2020, at Honolulu, Hawaii.

                                            */s/ Dawn Aihara*
                                            _____