# MINUTES ORDER

|  |  |
|---|---|
| CASE NUMBER: | MISCELLANEOUS NO. 20-00343 LEK-WRP |
| CASE NAME: | Civil Beat Law Center for the Public Interest v. Hawaii Partners, LLC et al |

|  |  |  |  |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 10/22/2020 |

COURT ACTION:  **EO:  ORDER GRANTING MOTION TO UNSEAL COURT RECORDS**

On August 18, 2020, Petitioner Civil Beat Law Center for the Public Interest ("Petitioner") filed its Motion to Unseal Court Records ("Motion to Unseal") seeking to unseal court records filed in In re the Search of Boston Whaler 370 Outrage "Painkiller", Civ. No. 18-80 LEK-WRP and Misc. No. 17-288 LEK-RLP (collectively "Underlying Actions") relating to search warrants issued in these matters.  [Dkt. no. 1.]  A briefing schedule was set on September 1, 2020 by the Court with the opposition memorandum to be filed by October 16, 2020, and a reply memorandum to be filed by October 23, 2020, and a hearing to be held on November 6, 2020.  [EO: Court Order Setting Briefing Schedule, filed 9/1/20 (dkt. no. 4).]  Respondent United States of America ("the Government") filed its Response to Motion to Unseal Court Records ("Response") on October 1, 2020.  [Dkt. no. 5.]  Hawaii Partners, LLC ("Hawaii Partners") an interested party, did not file an opposition.

After review of the Response, the Court construes the Government's position as that it does not oppose unsealing the court records filed in the Underlying Actions but requests additional time to propose redactions to the documents contained in these court records; specifically, until a date in February 2021, a period of four months.  The Government additionally asks to maintain the sealing of an *ex parte* submission filed on February 8, 2019 because it relates to an on-going criminal investigation and thus is "especially improper to make the submission public."  [Response at 4.]

Based on the submissions and the applicable law, the Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules") and hereby VACATES the hearing scheduled for November 6, 2020.

The Motion to Unseal is hereby GRANTED and the Clerk's Office is directed to unseal the filings in In re the Search of Boston Whaler 370 Outrage "Painkiller", Civ. No.

18-80 LEK-WRP and Misc. No. 17-288 LEK-RLP on **November 23, 2020**, unless otherwise directed by the Court.

## STANDARD

### I. First Amendment Right of Access

First Amendment right to information is a limited right during the pre-indictment investigation:

> For these reasons, we hold that the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is still ongoing. Our position is reinforced by still another factor, namely the privacy interests of the individuals identified in the warrants and supporting affidavits. The Supreme Court has acknowledged that one of the reasons for maintaining the secrecy of grand jury proceedings is to "assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." Douglas Oil Co.[v. Petrol Stops Northwest], 441 U.S. [441,] 219, 99 S. Ct. [1667,] 1673 [(1979)]; see also United States v. Procter & Gamble Co., 356 U.S. 677, 681-82 n. 6, 78 S. Ct. 983, 986 n. 6, 2 L. Ed. 2d 1077 (1958) (need to protect innocent accused from disclosure of the fact that he has been under investigation). This concern applies with equal force here.

Times Mirror Co. v. United States, 873 F.2d 1210, 1216 (9th Cir. 1989). However, the post-indictment phase does not invoke absolute right of public access:

> These considerations of experience and logic are, of course, related, for history and experience shape the functioning of governmental processes. If the particular proceeding in question passes these tests of experience and logic, a qualified First Amendment right of public access attaches. But even when a right of access attaches, it is not absolute. Globe Newspaper Co. v. Superior Court, [457 U.S. 596,] 606 [1982]. While open criminal proceedings give assurances of fairness to both the public and the accused, there are some limited circumstances in which the right of the accused to a fair trial might be undermined by publicity. In such cases, the trial court must determine whether the situation is such that the rights of the accused override the qualified First Amendment right of access.

Press-Enter. Co. v. Superior Court of Cal. for Riverside Cty., 478 U.S. 1, 9 (1986)(footnote omitted).

### II.    Common Law Right of Access

> We have long recognized the public's and the media's common-law right to inspect and copy judicial records and documents. See Valley Broadcasting Co. v. United States Dist. Court, 798 F.2d 1289, 1293 (9th Cir. 1986); [U.S. v.] Schlette, 842 F.2d [1574,] 1581 [(9th Cir. 1988)]. To assert the common-law right of access, the media is required to make a threshold showing of a legitimate need for disclosure. Once that showing has been made, the court must balance the media's asserted need against any asserted reasons for confidentiality. Id.

U.S. v. Kaczynski, 154 F.3d 930, 931 (9th Cir. 1998).

## ANALYSIS

This matter arises out of a search warrant executed on a Boston Whaler in 2017. [Motion at 2 (citations omitted).] Subsequently, Hawaii Partners filed a motion for return of the Boston Whaler in one of the Underlying Actions, specifically Misc. No. 17-288. Petitioner now seeks to unseal documents filed in the Underlying Actions. It notes that the search warrant was issued regarding Michael Miske, Jr. ("Miske"). [Id.] Miske and others were indicted on July 18, 2019, and a superseding indictment was filed on June 18, 2020. [U.S. v. Miske, et al., Cr. No. 19-00099 DKW-KJM, Indictment, filed 7/18/18 (dkt. no. 1); id., Superseding Indictment, filed 6/18/20 (dkt. no. 3).]

Petitioner submits that:

> On July 15, 2020, the Court unsealed an indictment against Michael Miske, Jr. and others. Miske Dkt. 20. The indictment alleged a RICO enterprise that included Hawaii Partners. Id. Dkt. 3 ¶ 3 at PageID#16. The indictment further alleged that Miske "arranged for the purchase of a Boston Whaler vessel that could be used to dump [Johnathan] Fraser's body into the ocean after Fraser was kidnapped and killed." Id. ¶ 17 at PageID#29-30.

[Motion at 3.] In light of the ongoing criminal prosecution against Miske and others, Petitioner has demonstrated a legitimate need for disclosure.

Since a final indictment has been returned, the Court must analyze whether "experience and logic" favor recognize a qualified First Amendment right of access to search warrants at this stage of the criminal process, which is post-investigation and post-indictment, but pre-trial. Search warrants are routinely made public after they are served. Logic dictates that openness and disclosure are favored at the post-investigation and post-indictment phase. The Government vaguely refers to an on-going investigation but provides no specifics. Likewise, it refers to the need to redact certain information but provides no basis for doing so. Accordingly, the Court FINDS that there is a qualified First Amendment right of access to the warrant materials at this stage.

The burden to justify continuing to keep the material (or parts of it) under seal then shifts to the Government:

> With a qualified First Amendment right of access established, the burden to justify non-disclosure shifts to the Government and the Defendant. They must show that non-disclosure "is strictly and inescapably necessary" in order to protect the Defendant's fair trial guarantee or some other compelling interest. [U.S. v.] Brooklier, 685 F.2d [1162,] 1167 [(9th Cir. 1982)] (quoting Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 441, 99 S. Ct. 2898, 61 L. Ed. 2d 608 (1979)). This is a high bar, surmountable only by establishing a substantial probability that: (1) disclosure will cause irreparable harm to the Defendant's fair trial rights or some other compelling interest; (2) there is no alternative to continued secrecy that will adequately protect the right or interest; and (3) non-disclosure will effectively protect against the perceived harm. Oregonian Publ'g Co. [v. U.S. Dist. Court for Dist. of Ore.], 920 F.2d [1462,] 1466 [(9th Cir. 1990)]. See also United States v. Kaczynski, 154 F.3d 930, 932 (9th Cir. 1998) (overcoming qualified right of access under the First Amendment requires compelling showing beyond that necessary to overcome common law right of access) (Reinhardt, J., concurring).

U.S. v. Loughner, 769 F. Supp. 2d 1188, 1195 (D. Ariz. 2011). The Government has not made a compelling showing to overcome Petitioner's qualified right of access under the First Amendment.

The Court, with regard to Petitioner's common law right of access, must balance the media's asserted need against any claimed reasons for confidentiality. The Government, other than a general statement about an on-going investigation, provides no basis for continuing to have the court records sealed. On balance, Petitioner's need outweighs the reasons given for confidentiality.

Absent from the discussion, however, are Miske and the other defendants who are charged in U.S. v. Miske, Cr. No. 19-00099 DKW-KJM. The Court notes that this prosecution is scheduled for jury trial commencing September 13, 2021. [U.S. v. Miske, Cr. No. 19-00099 DKW-KJM, Order Granting Government's Motion to Declare Case Complex Under 18 U.S.C. § 3161(h)(7) and to Continue Trial, filed 8/14/20 (dkt. no. 148).] These defendants face serious criminal charges and are entitled to a fair trial without undue prejudice. The Court is therefore compelled to consider these defendants' interest, if any, in keeping the material under seal because disclosure will cause irreparable harm to one or more of the defendants' fair trial rights or some other compelling interest.

The Court therefore DIRECTS the Clerk of the Court to provide a copy of the Motion to Unseal to each of the defendants in Cr. No. 19-00099 DKW-KJM, and notice to each of them that they have a deadline of **November 6, 2020** to file an opposition to the Motion to Unseal. Petitioner and the Government may file a response to a defendant's

filing by **November 13, 2020**.  The Court will thereafter take the matter under advisement.

If there is no opposition by the defendants in Cr. No. 19-00099 DKW-KJM or if these defendants fail to demonstrate the disclosure will cause irreparable harm to one or more of the defendants' fair trial rights or some other compelling interest, then the Clerk's Office is DIRECTED TO UNSEAL the records in <u>In re the Search of Boston Whaler 370 Outrage "Painkiller"</u>, Civ. No. 18-80 LEK-WRP and Misc. No. 17-288 LEK-RLP on **November 23, 2020**, unless otherwise directed by the Court.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager